IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA BRANSON, et al., : | |
| Plaintiffs, : | CIVIL ACTION |
| : | No. 20-5556 |
| v. : | |
| : | |
| IKEA HOLDINGS US, INC. et al., : | |
| Defendants. : | |

**September 22, 2021**

**Anita B. Brody, J.**

## MEMORANDUM

Plaintiffs LuCinda Branson, Evan Ganz, Darlene Hughes, Thomas Isaak, Monica Rausert, Barbara Rose, Jack Shannon, and Octavia Washington ("Plaintiffs") bring suit against Defendant IKEA Holdings US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC ("IKEA"), alleging that IKEA's policies discriminate on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Plaintiffs bring both disparate treatment and disparate impact claims against IKEA.[1] IKEA moves to dismiss the Complaint in part pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to sever claims and transfer the parties, and to stay discovery. For the reasons set forth below, I deny IKEA's motion to dismiss, deny IKEA's motion to sever and transfer, and deny IKEA's motion to stay as moot.

---

[1] Plaintiffs Branson, Rose, Ganz, Hughes, and Rausert also assert age discrimination claims against IKEA under various state laws. *See* Second Am. Compl ¶¶ 356-370. Plaintiff Hughes also asserts a retaliation claim under the ADEA and Pennsylvania state law against IKEA. *See id.* ¶¶ 346-351. The state law claims and the federal retaliation claim are not before the Court on this motion.

## I. BACKGROUND

Defendant IKEA is a multinational company that specializes in the retail of home goods. Second Am. Compl. ¶ 77, ECF No. 44. Plaintiffs are eight current IKEA employees who work in different stores across the United States.[2] *See id.* ¶¶ 1-31. Plaintiffs are over 40 years old and have each been rejected for promotion by IKEA. *See id.* ¶¶ 2, 6, 10, 14, 18, 22, 26, 30 (age); ¶¶ 118, 160, 185, 215, 233, 255, 294, 312 (rejected for promotion).

In Spring of 2020, each Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC charges"). Charges of Discrimination, Compl. Ex. A-I, ECF No. 1. The EEOC charges assert, among other allegations, that IKEA "has engaged, and continues to engage, in an ongoing, systemic pattern or practice of discriminating against employees age forty (40) and over, including failing to promote older employees." *Id.* The EEOC charges also assert that IKEA's "training and development programs intentionally discriminate against employees age forty (40) and over and disparately impact employees age forty (40) and over." *Id.*

On November 6, 2020, Plaintiffs filed an initial complaint and on November 12, 2020, before IKEA filed a responsive pleading, Plaintiffs filed a First Amended Complaint. *See* Compl.; First Am. Compl., ECF No. 6. Pursuant to a stipulation between the parties, Plaintiffs filed a Second Amended Complaint on June 7, 2020. *See* Joint Stipulation, ECF No. 42; Second Am. Compl. In the Second Amended Complaint, Plaintiffs assert a disparate treatment cause of

---

[2] All eight Plaintiffs are opt-in plaintiffs in at least one of the ADEA representative collective actions now pending before this Court: *Donofrio v. IKEA US Retail, LLC* (18-599); *Paine v. IKEA Holding US, Inc., et al.* (19-723); and *Antonelli v. IKEA Holding US, Inc., et al.* (19-1286). The *Donofrio*, *Paine*, and *Antonelli* collective actions assert both disparate treatment and disparate impact claims against IKEA. *See id.* Specifically, the collective actions allege that IKEA adopted and implemented internal promotion practices that discriminated against older IKEA employees in favor of their younger colleagues. *See id. Donofrio*, *Paine*, and *Antonelli* include opt-in plaintiffs who were rejected for promotion from approximately January 20, 2016 through June 1, 2019. *See id.* In the present case, Plaintiffs allege that IKEA's discriminatory practices continued after June 1, 2019. *See* Second Am. Compl. ¶¶ 110-12.

action under the ADEA based on allegations that IKEA "intentionally discriminated against Plaintiffs because of their age" through a "pattern and practice of age discrimination against older employees." Second Am. Compl. ¶¶ 332-33. Plaintiffs also assert a disparate impact cause of action under the ADEA alleging that IKEA's "assessment and identification of the potential of its employees has resulted in a statistically significant disparity in the promotion rates of its older employees" ("Potential Policy") and that IKEA's "policies regarding relocation have resulted in a statistically significant disparity in the promotion rates of its older employees." ("Relocation Policy") *Id.* at ¶ 342. Plaintiffs attached to the Complaint and referenced in both Amended Complaint the EEOC charges filed by each individual Plaintiff as Exhibits A through I.

## II. DISCUSSION

### A. Rule 12(b)(1) Motion to Dismiss

IKEA moves to dismiss Plaintiffs' disparate impact claim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that Plaintiffs lack standing to bring these claims. *See* Def.'s Mot. at 16, ECF No. 8-1. "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A court cannot have subject matter jurisdiction over a plaintiff who lacks standing. *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016).

A plaintiff bears the burden of establishing the three elements of standing: that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 1547. IKEA challenges the causation, or traceability, requirement for standing,

arguing that Plaintiffs cannot trace their alleged injuries to the facially neutral Potential and Relocation Policies. *See* Def.'s Mot. at 17. IKEA contends that "not a single Plaintiff alleges that (s)he was denied a promotion (within the applicable limitations period) because (a) *(s)he* expressed unwillingness to relocate to a different store and/or (b) *(s)he* held a lower potential assessment than a younger employee who received the promotion." *Id.*

To overcome a 12(b)(1) challenge for lack of standing, "'a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon*, 846 F.3d at 633 (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs in this case need not show probable causation, but instead must allege facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

For the purposes of establishing standing at this stage of the litigation, Plaintiff's Complaint sufficiently establishes a plausible causal connection between Plaintiffs' failure to be promoted and IKEA's policies. Plaintiffs allege that they sought promotions and were rejected by IKEA. They allege that IKEA has two policies that discriminate intentionally, or in the alternative, disparately impact Plaintiffs and all older employees when seeking promotions. *Id.* at ¶ 112. Plaintiffs allege that: (1) IKEA asks all applicants about their willingness to relocate and considers willingness to relocate in deciding whom to promote, even for positions that do not require relocation; and (2) IKEA used "potential" as a proxy for youth "to assess promotability in an age-biased manner." *Id.* at ¶ 100(q), (e). They further identify more than a dozen promotions that Plaintiffs were rejected for in favor of substantially younger candidates with the same or fewer qualifications. *Id.* at ¶¶ 118, 119, 125, 130-32, 134-39, 150-53, 140-47, 160, 165-68, 169-74, 185, 201-204, 215, 219-24, 233, 236-40, 241-46, 255, 262-67, 268-84, 294, 297-305, 312, 319-27.

These facts are sufficient to show a plausible causal connection between Defendant's policies and Plaintiffs' repeated lack of promotion. *See Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 275 (M.D. Pa. 2020) (denying Defendant's motion to dismiss because "it is plausible that there is a causal connection between the injuries Plaintiffs allege and Defendant's policies.") Even when "[Plaintiff's] complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims." *Fowler v. Univ. of Pittsburgh Med. Ctr. Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009). Therefore, I deny IKEA's motion to dismiss Plaintiffs' disparate impact claims for lack of standing.

### B. Rule 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6), IKEA moves to dismiss: (1) Plaintiffs' disparate impact and disparate treatment claims for untimeliness; (2) Plaintiffs' disparate impact claims for failure to exhaust administrative remedies; and (3) Plaintiffs' disparate treatment claims on the grounds that "pattern-or-practice claims are not permitted outside of the class action context." *See* Def.'s Mot. at 7, 10, 13.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may consider any and all exhibits attached to the complaint in addition to the pleadings themselves. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### 1. Timeliness of Plaintiffs' Claim

Under the ADEA, a plaintiff must file a charge of discrimination within 180 days of the alleged unlawful practice, or 300 days if the alleged unlawful practice occurred in a state that prohibits employment discrimination on the basis of age. *See* 29 U.S.C. § 626(d). IKEA acknowledges that each Plaintiff has alleged one or more timely claims under the ADEA but moves to dismiss the claims that are based on promotion decisions (rejections) that occurred outside the 180-day or 300-day limitations period. *See* Def.'s Mot. at 4-6, 8-9. Plaintiffs concede that all but one of the promotion decisions that IKEA challenges are untimely and state that they do not seek relief for those decisions. *See* Pl.'s Resp. at 10, ECF No. 25.

Plaintiffs do assert that one of Plaintiff Branson's claims is timely, contrary to IKEA's contention. *See id.* IKEA argues that Plaintiff Branson experienced an alleged unlawful promotion decision on April 29, 2019 and filed her EEOC Charge on March 25, 2020 beyond the 300-day limitations period. *See* Def.'s Mot. at 9. In the Complaint, Plaintiffs allege that Plaintiff Branson applied for a promotion on April 29, 2019 and learned she was rejected on or around January 2020. *See* Second Am. Compl. ¶ 125(g). Plaintiff Branson then filed her EEOC charge on March 25, 2020. *See* EEOC Charges at 1. After a Plaintiff is denied a promotion, the statute

of limitations begins to run when he or she discovers the denial. *Hanani v. N.J. Dep't of Envtl. Prot.*, 205 F. App'x 71, 76 (3d Cir. 2006). For Plaintiff Branson, the 300-day limitations began to run on January 2020, when she learned she was rejected for a promotion. Therefore, her EEOC charge filed on March 25, 2020 is timely.

Because Plaintiffs only seek relief for timely claims, IKEA's motion to dismiss claims for untimeliness is denied.

### 2. Plaintiffs' Exhaustion of Administrative Remedies

IKEA contends that Plaintiffs have not exhausted their disparate impact claims because their EEOC charges do not advance a disparate impact claim or reference a facially neutral policy that resulted in promotion discrimination based on age. *See* Def.'s Mot. at 15. Before filing an ADEA lawsuit, plaintiffs ordinarily must exhaust their administrative remedies by filing a timely charge with the EEOC. *See* 29 U.S.C. § 626(d)(1). "[T]he purpose of the EEOC filing . . . is to provide notice to the employer and an opportunity for conciliation." *Lusardi v. Lechner*, 855 F.2d 1062, 1077 (3d Cir. 1988).

"It has been recognized generally that EEOC charges should be liberally construed because they are preferred by laymen and are usually prepared without legal assistance." *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 864 (3d Cir. 1977); *see also E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 300 (3d Cir. 2010). "Once a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . .'" *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (*quoting Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 294, 398-99 (3d Cir. 1976)). An EEOC charge is not required to identify any legal theories and instead, "it is up to the EEOC, not [Plaintiff], to

investigate whether and under what legal theories discrimination might have occurred." *Kronos*, 620 F.3d at 300. "Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

In their EEOC charges, every Plantiff explicitly stated that they believed IKEA's training and development programs "disparately impact employees age forty (40) and over." *See* EEOC charges at 3, 11, 21, 28, 35, 42, 52, 59, 66; *see also* Def.'s Mot. at 15.  Moreover, Plaintiffs noted the pending collective action lawsuits against IKEA and identified themselves as opt-in plaintiffs of the collective action cases, which include disparate impact claims based on IKEA's Potential and Relocation policies. In construing Plaintiffs' EEOC charges liberally, it is therefore reasonable to expect that the EEOC investigator would have investigated whether the evidence supported a finding of disparate impact discrimination. Because Defendants have not plausibly pled that Plaintiffs failed to exhaust administrative remedies as to their disparate impact claims, I deny IKEA's motion to dismiss on this basis.

### 3. Plaintiffs' Disparate Treatment Claim

The parties disagree about whether Plaintiffs' disparate treatment claims invoke a particular method of proof known as the *Teamsters* method. In *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), the Supreme Court held that in class action or government-initiated employment discrimination cases, plaintiffs may prove a prima facie violation of the ADEA by showing a pattern and practice of systemic discrimination. This became known as the "pattern or practice" or "*Teamsters*" method. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 147 (2d Cir. 2012). After the Plaintiff proves "unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers," and that an

individual unsuccessfully applied for a job, the burden shifts to the employer to prove that "the individual applicant was denied an employment opportunity for lawful reasons." *Teamsters*, 431 U.S. at 360-62. IKEA contends that Count I of Plaintiff's Complaint raises a *Teamsters* claim that is not permitted outside of the class action context, and must therefore be dismissed. Def.'s Mot. at 10. Plaintiffs argue that they do not advance a *Teamsters* "pattern-or-practice" claim, but instead rely on "[IKEA's] 'pattern or practice' of age discrimination" as only part of a "variety of evidence" supporting their individual claims of disparate treatment. Pl.'s Resp. at 12.

The Supreme Court and the Third Circuit have never addressed whether the method established in *Teamsters* can be used by private, non-class plaintiffs, but the circuits that have addressed have found that it can not.[3] The same courts have stated, however, that relevant evidence of a pattern and practice of discrimination may be used by non-class plaintiffs <u>in support of</u> individual disparate treatment claims. *See, e.g.*, *Chin*, 685 F.3d at 149 ("Evidence of an employer's general practice of discrimination may be highly relevant to an individual disparate treatment or to a disparate impact claim."); *Bacon*, 370 F.3d at 575 (emphasizing that although a pattern-or-practice claim is unavailable to individual plaintiffs, "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment"). Therefore, although Plaintiffs lack authority to bring a *Teamsters* claim, they may

---

[3] *See Chin*, 685 F.3d at 151 ("[W]e now hold that the pattern-or-practice method of proof is not available to nonclass, private plaintiffs in cases such as the one before us."); *Semsroth v. City of Wichita*, 304 F. App'x 707, 716-17 (10th Cir. 2008) ("[T]he pattern-or-practice method should be reserved for government actions or plaintiffs in class actions to establish the presence of a discriminatory policy, rather than to prove an individual claim."); *Bacon v. Honda of Am. Mfg.*, 370 F.3d 565, 575 (6th Cir. 2004) ("We therefore hold that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs."); *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998) (vacated on other grounds) ("[W]e decline to give individual plaintiffs a pattern or practice cause of action or allow them to use the Teamsters method of proof."); *Gilty v. Vill. of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990) (noting that because Plaintiff filed an individual claim instead of a class action, "his evidence of a pattern and practice "can only be collateral to evidence of specific discrimination against the actual plaintiff") (internal quotations omitted).

nevertheless plead a pattern or practice of discrimination as evidence in support of their individual claims for disparate treatment.

Plaintiffs appear to invoke IKEA's alleged discriminatory pattern not to refer to the *Teamsters* method, but as substantive proof for their disparate treatment claims. Count I of the Complaint states each Plaintiffs' individual disparate treatment claim and alleges that "Defendants have intentionally discriminated against Plaintiffs because of their age" and that "[a]ge was a determinative factor in Defendants' failure to promote Plaintiffs." Second Am. Compl. ¶¶ 50-51. Each Plaintiff additionally alleges specific and individual instances of disparate treatment.[4] Second Am. Compl. ¶¶ 131-156 (Branson), 157-181 (Ganz), 182-207 (Hughes), 208-229 (Isaak), 230-248 (Rausert), 249-290 (Rose), 291-307 (Shannon), 308-329 (Washington). Whether that disparate treatment is sufficiently borne out by the evidence collected in discovery is not a question for this stage of litigation.

Because Plaintiffs assert individual disparate treatment claims and do not invoke the *Teamsters* method of proof, I deny IKEA's motion to dismiss on this ground.

### C.  Motion to Sever and Transfer

IKEA argues that Plaintiffs' claims do not arise out of the same transaction or occurrence or involve a common question of law or fact and therefore should be severed pursuant to Rule 21 and then transferred. *See* Def.'s Mot. to Sever at 2, 13, ECF No. 7-1. In the alternative, IKEA also argues that Plaintiffs' claims should be severed because they are "distinct, require testimony of different witnesses and different documentary proof, and IKEA will be prejudiced if severance is not granted." *Id.* Plaintiffs argue that the claims arise out of the same transaction or occurrence

---

[4] Plaintiffs cite repeated rejections for promotions in favor of younger and less experienced applicants, as well as evidence of discriminatory intent behind those rejections. For example, Plaintiff Branson was told by her Store Manager not to worry about her demotion because she "would be retiring soon," and her applications for promotion were rejected because of the need for "new energy" and "fresh ideas." Second Am. Compl. ¶ 123, 144.

and share a common question of law or fact because they all relate to IKEA's company-wide discrimination against older workers. *See* Pl.'s Resp. to Mot. to Sever at 3, ECF No. 24.

Rule 20 permits multiple plaintiffs to join in an action if each of their claims arise from the same transaction or occurrence, and if there is a common question of law or fact relating to all plaintiffs' claims. Fed. R. Civ. P. 20(a). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). "Permissive joinder falls within the Court's sound discretion and is to be liberally granted." *Miller v. Hygrade Food Products Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001).

"Courts generally apply a case-by-case approach in determining whether a particular factual situation meets the same transaction or occurrence test." *Miller*, 202 F.R.D. at 144. "The test mirrors the one applied under Federal Rule of Civil Procedure 13(a)" where "transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *Id.* (internal citations omitted). Plaintiffs in this case each allege that they have been harmed by the same company-wide discriminatory policies. All of the specific rejections and alleged incidents of discrimination derive from the same policies and therefore arise out of the same series of transactions or occurrences.

Plaintiffs must also share a common question of law or fact to satisfy the requirements of permissive joinder. *See* Fed. R. Civ. P. 20(a). "Courts have turned to the commonality requirement under Federal Rule of Civil Procedure 23(a)" to determine whether plaintiffs share a common question of law or fact. *Miller*, 202 F.R.D. at 145 (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974). The threshold for commonality is "very low."

*Barnes v. American Tobacco Co.*, 161 F.3d 127, 141 n.15 (3d Cir. 1998). Plaintiffs satisfy the commonality requirement when "there is at least one common question of law or fact." *Id.* at 140. Here, Plaintiffs share the common question of IKEA's alleged discriminatory policies, even though each Plaintiff experienced a different incident of alleged discrimination. *See Miller*, 202 F.R.D. at 145 (finding commonality requirement satisfied where "the plaintiffs bring forth different incidents of alleged discrimination, [but] they are bound by and share the character of the defendant's allegedly adverse conduct.").

Plaintiffs have alleged sufficient facts to warrant joinder. Additionally, IKEA will not be prejudiced if severance is not granted at this stage of the litigation. Plaintiffs in this case are also plaintiffs in the three collective action cases that IKEA is currently litigating in this Court. The collective action cases are in discovery. To the extent that discovery in the present case can be consolidated with the collective action cases, it is reasonable to keep the Plaintiffs joined at this stage. IKEA's argument of unfair prejudice is solely based on the trial stage, at which point a motion to sever could be renewed if the same concerns remain. IKEA's motion to sever is therefore denied without prejudice, and IKEA's motion to transfer is denied without prejudice as moot.

### D. Motion to Stay Discovery

IKEA requests a stay of discovery pending resolution of its motion to sever. Because this memorandum and accompanying order resolves the motion to sever, the motion to stay is denied as moot.

## IV. CONCLUSION

      For the reasons set forth above, I will deny IKEA's partial motion to dismiss, deny IKEA's motion to sever and transfer without prejudice, and deny IKEA's motion to stay discovery.

s/ANITA B. BRODY, J.
ANITA B. BRODY, J.
