**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUCINDA BRANSON, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No. 20-5556 |
| v. | : | |
| | : | |
| IKEA HOLDINGS US, INC. et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this 22nd day of September, 2021, upon consideration of Defendant IKEA Holdings US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC's ("IKEA's") Motion to Dismiss (ECF No. 8); Motion to Sever and Transfer (ECF No. 7); and Motion to Stay (ECF No. 30), it is **ORDERED** that:

- IKEA's Motion to Dismiss under Rule 12(b)(1) is **DENIED**;
- IKEA's Motion to Dismiss under Rule 12(b)(6) is **DENIED**;[1]
- IKEA's Motion to Sever is **DENIED** without prejudice;
- IKEA's Motion to Transfer is **DENIED** as moot;
- IKEA's Motion to Stay Discover is **DENIED** as moot.

---

[1] IKEA argues that a number of Plaintiff's allegedly discriminatory promotional decisions were untimely, as they fell outside the 180-day or 300-day limitations period. *See* Def.'s Mot. at 4-6, 8-9. Plaintiffs concede that all but one of the promotion decisions challenged by IKEA were untimely, and they do not seek relief for those decisions. *See* Pl.'s Resp. at 10, ECF No. 25. Therefore, I deny IKEA's motion to dismiss for untimeliness based on Plaintiff's representation that they do not seek relief for any untimely claims.

IKEA also moved to dismiss Plaintiff Branson's claim based on her EEOC charge filed on March 25, 2020, which Plaintiffs contend is timely. I find that the disputed claim is timely, and therefore deny IKEA's motion to dismiss on those grounds.

__s/ANITA B. BRODY, J._______

ANITA B. BRODY, J.